PERRY *v.* AVERY.

BANKRUPTCY — TRUSTS — PAYMENTS BY BANKRUPT—RECOVERY BY TRUSTEE.

Where a deed of trust provides: "The trustees during my life are authorized to use for the support and maintenance of my son H., his wife and family, such sum as they may deem necessary, not exceeding * * * per month. Payment thereof may be made directly to said H. or to his wife, or to any of his children, or the trustees may themselves expend such money in such support and maintenance"—the trustees, while not bound in advancing money to H. to obtain his promise to repay the same, may do so, and, this having been done, his promise created an obligation which justified his payment to such trustees on account thereof, so that it cannot be recovered by his trustee in bankruptcy.

Appeal from Wayne; Hosmer, J. Submitted February 12, 1907. (Docket No. 130.) Decided April 30, 1907.

Bill by George B. Perry, trustee in bankruptcy of Horace W. Avery, against George E. Avery and others for an accounting. From a decree dismissing the bill, complainant appeals. Affirmed.

*Bowen, Douglas, Whiting & Murfin*, for complainant.

*Gray & Gray* and *Leo M. Butzel*, for defendants.

Carpenter, J. Complainant, the trustee in bankruptcy of Horace W. Avery, seeks by this suit in equity a decree compelling defendants to pay to him a certain fund, amounting to $4,337.93. This fund originally belonging to said bankrupt came into the hands of defendant, George E. Avery, nine months before the bankruptcy proceedings were instituted, but after said bankrupt was insolvent, though before his insolvent condition was known to the defendants in this suit. Said George E. Avery, by the consent of Horace, paid said fund to his codefendants, who were trustees in a deed of trust made by Nancy Avery, the mother of Horace and of each of the above-named defendants. The purpose of the payment was to repay the aggregate amount of certain advances theretofore made by said trustees to said Horace W. Avery. These advances were made in pursuance of the following provision in said deed of trust, viz. :

"The trustees during my life are authorized to use for the support and maintenance of my son Horace, his wife and family, such sum as they may deem necessary, not exceeding the sum of $208.33 per month. Payment thereof may be made directly to the said Horace W. Avery, or to his wife, or to any of his children, or the trustees may themselves expend such money in such support and maintenance."

When each of said advances was made, a receipt was given by Horace, of which the following is a copy:

"Received of Avery trustees $208.33, being an advancement made to me by said trustees under the author-

ity of the declaration of trust executed by Nancy C. Avery, upon the transfer to them of her property, and dated July 25th, 1901.

"HORACE W. AVERY."

The decisive question in this case is this: Was Horace under any obligation to repay these advances? If we consider only the declaration of trust and receipt, we should agree with complainant that he was not. But George E. Avery testifies—and he is corroborated by Horace—that these advances were made upon the promise of Horace that he would repay the same if he subsequently acquired funds, and that, in accordance with this promise, the payment complained of in this case was made. The learned trial judge, who had the opportunity of observing the witnesses, credited this testimony, and dismissed complainant's bill. Many reasons are urged why this decree is erroneous. Nearly all those reasons are answered when we say that we, too, credit said testimony. We think the trial court correctly decided that these advances were made upon the promise of Horace that he would repay the same, if he subsequently acquired funds.

Complainant insists that the decree is erroneous, because the trustees had no authority to advance money to Horace upon his promise to repay the same. It is said that they had authority to advance the money *as a gift,* but not *as a loan.* We answer this contention by saying that they had, in our judgment, authority to do precisely what they did. While they were not bound in advancing money to Horace to obtain his promise to repay the same, it was not improper for them to do so. Indeed, it was in furtherance of the trust that they should, and when they did, the promise of Horace to repay created an obligation which justified the payment under consideration.

The decree is affirmed.

MCALVAY, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.